(No. 11894.—Judgment affirmed.)

THE STATE PUBLIC UTILITIES COMMISSION *ex rel.* The Springfield Drain Tile Company, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed April 17, 1918.*

1. PUBLIC UTILITIES—*fact that a connecting carrier is an electric railroad does not justify refusal to absorb switching charges.* Where a steam railroad company absorbs switching charges on all connecting steam lines between it and shippers within a city, the fact that a connecting carrier is an electric railroad company does not authorize a discrimination against a shipper on said connecting line by the steam railroad company refusing to absorb connecting charges on the electric line.

2. SAME—*absorption of switching charges is not matter of contract between carriers.* Discrimination by a carrier against a shipper, consisting of the refusal of the carrier to absorb switching charges because the shipper is located on an electric instead of a steam railroad, cannot be justified on the ground that the carrier has no contract with the electric railroad, as the absorption of such charges is not a matter of contract between the connecting carrier and the carrier having the line haul.

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

JOHN G. DRENNAN, (BLEWETT LEE, and W. S. HORTON, of counsel,) for appellant.

EDWARD J. BRUNDAGE, Attorney General, GEORGE T. BUCKINGHAM, W. E. TRAUTMANN, and A. D. RODENBERG, for appellee the State Public Utilities Commission.

JAMES R. ORR, for appellee the Springfield Drain Tile Company.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal by the Illinois Central Railroad Company from a judgment of the circuit court of Sangamon county affirming an order of the State Public Utilities Commission requiring appellant and certain other steam railroad companies to "cease and desist from applying a different rule governing the absorption of connecting line switching charges to or from the plant of the Springfield Drain Tile Company, situated upon the tracks of the St. Louis, Springfield and Peoria railroad, than they at the same time apply to or from industries similarly situated upon the tracks of steam carriers in the city of Springfield, county of Sangamon and State of Illinois." This order of the commission was made, after a hearing, upon the petition of the Springfield Drain Tile Company, setting forth, among other things, that petitioner was compelled to pay the St. Louis, Springfield and Peoria Railroad Company (referred to by the witnesses and in the briefs as the Illinois Traction System) a charge of ten cents per ton, with a minimum per car of $2 and a maximum per car of $4, for switching cars from the petitioner's plant to the respondents' lines, which switching charge the respondents refuse to absorb, and praying that the commission make such order in the premises as may seem meet.

The evidence taken before the commission shows that the plant of the Springfield Drain Tile Company is located near to and has a side-track connecting with the tracks of the Illinois Traction System, an electric railway, and that the Illinois Traction System has a switch connection with the tracks of appellant; that while appellant absorbs the switching charges for all cars delivered to it from plants in the city of Springfield located on the lines or side-tracks of steam railroads, it has refused to absorb the switching

charges of the Illinois Traction System for delivering cars to it from plants in Springfield and elsewhere in Illinois located on the lines or side-tracks of the Illinois Traction System. To state the proposition more clearly: Whether appellant absorbs the switching charges for cars delivered to it by other carriers in Springfield does not necessarily depend on the kind of freight contained in the cars but on whether the cars are delivered to it by a steam railroad or by the electric railroad. No such discrimination is authorized by the law. The assistant general freight agent of appellant testified that his company does not refuse to absorb the switching charges for cars delivered from the plant of the Springfield Drain Tile Company by the Illinois Traction System because they contain drain tile but because the cars are delivered to appellant by the Illinois Traction System, and that if the plant of the Springfield Drain Tile Company were located on the line or side-track of a steam railroad appellant would absorb the switching charge.

Appellant argues this case upon the theory that it has the right to make a contract or agreement with one railroad company to absorb the switching charges for cars delivered to it by that railroad from plants located on its lines without being obliged to enter into the same agreement with other connecting carriers similarly situated; that the matter of the absorption of switching charges is contractual in its nature, and that the carrier having the line haul and the connecting carrier are the parties having the right to control the matter by contract. The fallacy of this argument lies in the fact that such a contract or agreement between the carrier having the line haul and the connecting carrier is not between the parties to be affected by the so-called contract. The connecting carrier receives its compensation in any event, either from the carrier having the line haul or from the shipper, and it is not a matter of concern to it which of the parties pays its charges. The making of a so-called contract between the carrier having the line haul

and the connecting carrier, by which the carrier having the line haul agrees to pay the switching charges of the connecting carrier, amounts to no more than the voluntary assumption of the switching charges by the carrier having the line haul. It is in no proper sense of the word a contract for the absorption of the switching charges by the carrier having the line haul. The proper parties to such a contract, to be of any force and effect, would necessarily be the railroad having the line haul and the shipper, and manifestly the carrier having the line haul would have no right to enter into a contract with one shipper by which the carrier agreed to absorb the switching charges and at the same time refuse to make the same contract with or render the same service for another shipper similarly situated on the line of some other railroad, where the switching charges and the charges for the line haul are in each case the same. To recognize such a right would be to sanction unjust discrimination by a common carrier against certain shippers.

Section 38 of the Public Utilities act provides: "No public utility shall, as to rates or other charges, services, facilities or in any other respect, make or grant any preference or advantage to any corporation or person or subject any corporation or person to any prejudice or disadvantage. No public utility shall establish or maintain any unreasonable difference as to rates or other charges, services, facilities, or in any other respect, either as between localities or as between classes of service. Every public utility shall, upon reasonable notice, furnish to all persons who may apply therefor and be reasonably entitled thereto, suitable facilities and service, without discrimination and without delay." In enforcing this section of the statute the commission, under the facts in this case, properly made the order which appellant here seeks to have set aside.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*